UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| EDWARD RUDOLPH LEGETTE-BEY, | ) | CASE NO.  1:11 CV 1044 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S.  GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| RICARDO MARTINEZ, | ) | |
| | ) | |
| Respondent. | ) | |

On March 21, 2011, *pro se* petitioner Edward Rudolph Legette-Bey filed a Petition for Writ of Habeas Corpus in the United States District Court for the Middle District of Pennsylvania. *See Legette-Bey v. United States*, No. 3:11cv 0527 (M.D. Pa. filed Mar. 21, 2011)(Conoboy, J.)  At the time, Petitioner was an inmate confined to the Allenwood United States Penitentiary ("USP Allenwood") in White Deer, Pennsylvania.   Petitioner challenged the Bureau of Prisons' (BOP) authority to establish his restitution payment schedule while he was in prison.

Judge Conoboy granted Petitioner's request to proceed *in forma pauperis* and issued a Show Cause Order on April 12, 2011 directing the U.S. Attorney and USP Allenwood Warden Ricardo Martinez to respond to the petition within 30 days.  Respondents timely filed a Response

requesting transfer of the Petition for the convenience of the parties. The court agreed and issued an Order, dated May 20, 2011, transferring the case to this Court.

Petitioner challenges the BOP's authority to use the Inmate Financial Responsibility Program (IFRP) as the method to collect court ordered restitution payments. He argues that the Due Process Clause, pursuant to 18 U.S.C. § 3664(f)(2), entitles him to have the Court establish the terms and conditions for collecting restitution. He seeks an order from this Court directing the BOP to cease all further efforts to collect restitution payments from him.

*Background*

Petitioner was indicted in this Court on August 28, 2002 and charged with being a felon in possession of a firearm. *See United States v. Legette-Bey*, No. 1:02cr 0367 (N.D. Ohio 2002)(Matia, J.)[1] A Petition for *Writ of Habeas Corpus Ad Prosequendum* was issued to transport Petitioner to federal court for his arraignment on September 17, 2002. He pleaded not guilty to the charges.

On April 3, 2003, a pre-trial conference was held wherein it was determined that Petitioner would be arraigned on new charges filed against him in another indictment in the Northern District of Ohio. *See United States v. Legette-Bey*, No. 1:03cr 0136 (N.D. Ohio filed Apr. 2, 2003)(Wells, J.)[2] An arraignment on the new indictment was held on April 7, 2003 and Petitioner entered a not guilty plea. On May 28, 2003, he went to trial on both indictments. On June 5, 2003,

---

[1] Following the retirement of Judge Paul R. Matia, the case was reassigned to Judge Christopher A. Boyko on July 14, 2006.

[2] On April 4, 2003, the case was transferred from Judge Lesley B. Wells to Judge Matia as related to Case No. 1:02cr0367. The case is currently assigned to Chief Judge Solomon Oliver, Jr. upon reassignment in 2006.

a jury found Petitioner guilty of being a Felon in Possession of a Firearm, Armed Bank Robbery and Use of a Firearm in the Commission of a Crime of Violence.  Judge Matia sentenced Petitioner to 262 months imprisonment on Counts 1,3,5,7,9 and 11 in Case No. 1:03cr0136, to run concurrently with the 120 months sentence imposed on Count 6 in Case No.1:02cr0367.   In addition, Petitioner was sentenced to 84 months on Count 2 (1:03cr0136),  to run consecutively to sentences imposed in all other counts.  On Counts 4,6,8,10 and 12 (1:03cr0136), Judge Matia sentenced Petitioner to serve 300 months on each count, for a total of 1500 months consecutively to all other counts. Petitioner was assessed $1300.00 and ordered to pay joint and several restitution in the amount of $123,651.00.  Petitioner appealed his conviction and sentence to the Sixth Circuit.  The district court's decision was affirmed by the Court of Appeals on August 15, 2007.

Petitioner now complains that he has participated in the Inmate Financial Responsibility Program (IFRP) since 2007 through the "coercive' suggestions of institutional staff." (Pet. at 1.)  During this period, Petitioner claims he has been sanctioned for refusing to sign an Inmate Financial Plan.  This restricted him to payments of no more than $5.25 per month.  He was also rated with a "negative program participation' in his file" because of his refusal.  He has refused to agree to the IFP because he believes it violates his rights under the Due Process Clause. Further, as a matter of law, he claims that Congress forbids courts, under 18 U.S.C. § 3664,  from delegating the payment of restitution to the BOP.  He quotes the statute to suggest that only the district court "shall fix terms for making restitution."  (Pet. at 2.)  Petitioner maintains that neither the BOP nor its institutions have authority to collect restitution payments.  Moreover, he asserts that the BOP lacks authority and jurisdiction to punish him for failing to agree to the payment plan it established. Petitioner claims his Judgment and Commitment (J&C) Order specified that "[p]ayment is to be

made payable and sent to the clerk, U.S. District Court." (Pet. at 2.)

Petitioner has fully exhausted his administrative remedies through the BOP. At each stage, his argument was denied. In a letter dated October 26, 2010, the Regional Director provided a complete outline of all payments received from Petitioner and to what debt obligation the funds were allocated. Petitioner timely appealed the Regional Director's decision to the Office of General Counsel. On behalf of the Office of General Counsel, the National Inmate Appeals Administrator, Harrell Watts denied Petitioner's appeal in a letter dated February 16, 2011. Mr. Watts specifically denied Petitioner's request for an exemption from the IFRP due to age and medical problems. While these specific arguments are not raised in the Petition before this Court, Petitioner still asserts he should not be required to participate in the IFRP because the court's delegation of the collection of restitution payments to the BOP is unconstitutional.

## *28 U.S.C. §2241*

Claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255. *See Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979). Where a prisoner seeks to challenge the execution or manner in which his sentence is served, it shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). To the extent Petitioner claims that the restitution sentence imposed was an unconstitutional delegation of power, it is an attack on the validity of the sentence. This is a claim that must be brought through a § 2255 claim. Because this Court declines to construe this Petition as a 28 U.S.C. § 2255 motion to vacate, *see In re Shelton*, 295 F.3d 620, 622 (6th Cir.2002), it lacks jurisdiction over Petitioner's

constitutional challenge to his sentence.

The remaining claim of the Petitioner's challenge to the IFRP payment schedule for his financial obligation concerns the execution of his sentence. Therefore it is correctly framed as a § 2241 claim brought in the district where the sentence is being carried out. Here, Petitioner is not challenging his obligation to pay, but to whom the court ordered payments should be made. This directly effects the execution of the sentence this Court imposed.

Generally, a federal habeas petition must be filed in the court which has personal jurisdiction over the prisoner's custodian. *See Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004)(proper custodian for purposes of habeas review is the warden of the facility where he is being held). The District Court of Pennsylvania, however, granted the Respondents' request to transfer the Petition based solely on the convenience of the parties pursuant to 28 U.S.C. § 1404(a). Petitioner did not file any objection to the transfer. Considering the fact that proper venue for a habeas petition may also be determined by the location where material events took place, *see Braden v. 30th Judiical District Court*, 410 U.S. 484, 493-94 (1973), venue in this Court is not improper.

*Inmate Financial Responsibility Program*

The IFRP is a work program instituted by the BOP to encourage "each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. The program provides for the development of a financial plan to allow inmates to satisfy financial obligations, such as restitution payments, while incarcerated. 28 C.F.R. § 545.11(a). If an inmate refuses to participate or comply with the provisions of his financial plan, the BOP imposes up to ten possible punishments, including not receiving bonus pay or vacation pay, being subject to a more stringent monthly commissary spending limitation, and being assigned the lowest housing status. 28 C.F.R.

§ 545.11(d).

Petitioner is displeased with making payments to the BOP. While he refused to participate in the program at one time, he does not want to suffer the consequences the BOP imposes for failing to comply with the provisions of a financial plan. As it now stands, Petitioner may either participate in the IFRP and face the loss of an unacceptable percentage of his prison wages to the restitution order, or he may be placed on "refusal" status, which carries its own loss of privileges. Petitioner has attempted both options and now seeks a third; namely, an order unilaterally exempting his participation in IFRP and having the Court "fix the terms and conditions for collecting the restitution ordered." (Pet. at 1.) There is no basis in law or fact to support his request, however.

This Court sentenced Petitioner to make restitution to four payees for a total amount of $123,651.00. The court further ordered a special assessment of $1300.00, due in full immediately on all counts of the two indictments. Thus, the amount of restitution, as well as the amount owed to each payee, was clearly established by the Court under the Victim and Witness Protection Act (VWPA), as codified at 18 U.S.C. §§ 3663, 3664.

Without question, district courts are entitled to delegate the scheduling of restitution payments to the BOP through the IFRP. *Weinberger v. United States*, 268 F.3d 346 (6th Cir. 2001), *cert. denied*, 535 U.S. 967(2002). The Sixth Circuit explained that "a district court does not abrogate its judicial authority under the VWPA 'when it delegates the setting of a restitution-payment schedule to the defendant's probation officer.'" *United States v. Butler*, 297 F.3d 505, 519 (6th Cir. 2002)(quoting *Weinberger*, 268 F.3d at 360). It cautioned that the delegation is permissible "provided that the court first establishes the amount of restitution." *Id.* There is no question that this Court established the amount of restitution Petitioner was required to pay in the

J&C issued August 7, 2003. Here, the Court met its obligation under the VMA and the BOP is executing the Court's Order as stated. Given the Sixth Circuit's endorsement of the IFRP, Petitioner's claim lacks merit.

## Conclusion

Based on the foregoing, the Petition is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: September 7, 2011                     *s/      James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE